UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                                        Chapter 11

    D.G.W. Holding Corp.,                                           Case No.  18-10849

                           Debtor.                                      **Local Rule Statement**
----------------------------------------------------------x
STATE OF NEW YORK        )
                                                 ) ss:
COUNTY OF NEW YORK   )

        Jae Yang, as President, as managing member of D.G.W. Holding Corp. (the "Debtor") deposes and says under penalty of perjury, as follows:

        1.     I am submitting this affidavit pursuant to the local rules of this Court in support of the Debtor's Chapter 11 filing.

        2.     On March 28, 2018, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

        3.     The Debtor owns tenants in common interest in the real property at 418 Lafayette Ave., Brooklyn New York (the "Property").  The Property is a 3000 square feet residential building , pictured below:



4. The Property is occupied by a squatter. The Debtor estimates that the Property value is $1,100,000.

5. DGW acquired a deed for its tenant in common interest in October 2006 from heirs of Ernsdorf Archer. Archer held title until his death on July 29, 1988. Before DGW's deed was recorded on December 11, 2006, an alleged deed from the decedent Archer to Harvey Cooley for no consideration dated September 19 1986 was recorded in the office of the New York City Register on October 30, 2006.

6. But that deed, although dated September 19, 1986 uses a form of acknowledgement prescribed by the Real Property Law 309-a, a statute enacted by the NY legislature in 1997. The form of acknowledgement used on the deed was not known or in use in 1986. The September 19, 1986 deed, therefore is a blatant and obvious forgery. In December 2006, DGW commenced an action to declare the Cooley deed void.

7. But on December 4, 2006 Cooley gave a deed to Desiree Rubin for $1,500.00. Rubin in turn obtained a $535,000 loan from Bank of America secured by a mortgage recorded in January 2007 (after the deed to DGW was recorded on December 11, 2006.)

8. In 2008, Cooley recorded another deed from Desiree Rubin back to himself. At that time, he also filed a forged satisfaction of the BOA mortgage and then sold the property again to the Cool Water Group in June 2008. Cool Water Group in turn borrowed $400,000 JNL funding secured by a mortgage.

9. In 2014, Cooley sold the Property yet again to an Enrique Henriquez, and the Property appears to be presently occupied by a squatter.

10. Meanwhile, the DGW action filed in 2006 was dismissed in 2011 after Edward Kanbar, DGW's attorney died in 2009 leaving no behind for successor counsel.

11. After DGW finally recovered its files, DGW appeared in several ongoing court cases involving foreclosure of the unauthorized mortgages. All of those actions are still pending. JNL Funding, whose loan was secured by a second mortgage ended up in bankruptcy and in that case, its claim against the Debtor was sold to EPOABC.

12. Incidentally, in late 2014, Desiree Rubin, the first transferee from Cooley, was indicted for mortgage fraud in connection with this transaction. That criminal case is still pending in White Plains.

13. The Debtor filed the case to preserve the value of the Debtor's estate by centralizing the litigation in the Bankruptcy Court, so that the Property can be sold free and clear liens claims and encumbrances, and the sale proceeds disbursed to the holders of legitimate claims, and then equity holders.

14. In the meantime, DGW's equity holders will make advances to cover ongoing expenses pending a sale.

Dated: New York, New York
March 28, 2018

<u>s/Jae Yang, as President</u>